IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED
     MAR 2 0 2023
CLERK, U.S. DISTRICT COURT
By_____
          Deputy
```

VINICIO JESUS GARCIA,
TDCJ-CID No. 01828198,

       Plaintiff,

v.

EMILY REED, *et al.*,

       Defendants

2:20-CV-007-Z-BR

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 19. The Court made repeated attempts to have Plaintiff respond to a *Watson* Briefing Order Questionnaire, which Plaintiff repeatedly failed to submit. *See* ECF Nos. 8, 10, 11, 21, and 22. Plaintiff was then granted an opportunity to amend his Complaint to include all claims for relief. ECF No. 26. Plaintiff filed his Amended Complaint (ECF No. 27). As Plaintiff refused to comply with prior orders to clarify his claims, the Court will consider only claims in the Amended Complaint. For the reasons discussed herein, Plaintiff's Amended Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff's Amended Complaint alleges over 30 Defendants were involved in an illegal strip search in violation of Plaintiff's Fourth and Eighth Amendment rights. ECF No. 27 at 3–14.

Plaintiff also asserts that TDCJ failed to properly investigate grievances filed concerning this issue. *Id.* Further, Plaintiff alleges TDCJ supervisors failed to properly train employees, resulting in the violation of Plaintiff's rights. *Id.* Additionally, Plaintiff makes vague references to the loss of legal work possibly seized during a cell search. *See id.*

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

ANALYSIS

A prisoner inmate's right to privacy is "minimal, at best," when juxtaposed with the legitimate security needs of the institution. *See Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002); *see also Elliott v. Lynn*, 38 F.3d 18, 190–91 (5th Cir. 1994). Plaintiff also claims his rights were

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

2

violated because the strip search was video recorded. *See* ECF 27 at 1–2. In the First Amendment

context, the Supreme Court in dicta has stated that though "inmates lose many rights when they

are lawfully confined," they "retain certain fundamental rights of privacy; they are not like animals

in a zoo to be filmed and photographed at will *by the public* or *by media reporters.*" *Houchins v.*

*KQED, Inc.*, 438 U.S. 1, 5 n.2 (1978) (emphasis added). The *Houchins* case, however, dealt with

media rights of access to prisoners, rather than prisoner surveillance by jail officials. *Id.* at 5. In

another context, the Court has declared that a prison inmate retains only those rights that are "not

inconsistent with his status as a prisoner or with the legitimate penological objectives of the

corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

In a case involving photographs of prisoners taken by law enforcement agents, the Tenth

Circuit has held that a prisoner's rights are "not violated unless (a) he had a legitimate expectation

of privacy in the photos, and (b) his privacy interest outweighed the public need for their

disclosure." *Slayton v. Willingham*, 726 F.2d 631, 635 (10th Cir. 1984). Despite the limited

protection some courts have recognized for videotaped images of a prisoner, "speculative fear

that . . . privacy rights will be injured if [a] videotape is shown in the future . . . is not a 'real and

immediate' injury redressable by a federal court." *Scott v. Gier*, 1994 WL 283621 at *1 (9th Cir.

1994). The plaintiff must show that "the videotape would likely cause . . . substantial and

immediate injury to a legally-protected interest." *Id.* at *2. Plaintiff has not alleged that any naked

image of him captured by Defendants was used or distributed by Defendants to a third party.

To the extent that Plaintiff alleges that the disturbance of his legal mail violated his right

of access-to-the-courts because he was involved in litigation at the time, Plaintiff has failed to state

a claim. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations

of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials

3

may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by identifying a pursuable "nonfrivolous, arguable" legal claim was hindered by the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal marks omitted); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). Plaintiff's vague allegations of destroyed legal documents fail to identify an arguable, nonfrivolous claim or indicate how any legal claim was hindered. Thus, this claim is **DISMISSED**.

"[A] prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal marks omitted). A prisoner lacks a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff submits page after page of copied grievance responses concerning his allegations that the strip search was illegal, his legal property was disturbed, and other grievances were inadequately investigation. However, the failure of TDCJ to resolve his issues is not cognizable. Therefore, Plaintiff's claims against Defendants for failure to investigate his grievances do not state a constitutional claim and are **DISMISSED**.

4

CONCLUSION

The Complaint is **DISMISSED**.

**SO ORDERED.**

March ___, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE